IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>MOISES MEJIA-FLORES,<br><br>               Defendant. | 8:11CR375<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on the defendants' objection, Filing No. 87, to the Report and Recommendation ("F&R") of the magistrate judge, Filing No. 83, F&R; Filing No. 86, Transcript at 18. The magistrate judge recommended denial of the defendant's motion to dismiss the superseding indictment, Filing No. 71. Filing No. 83, F&R; Filing No. 86, Transcript at 18. The defendant's motion to dismiss the superseding indictment was based on an allegation of prosecutorial vindictiveness. Filing No. 71, Motion to Dismiss.

      Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a de novo determination of those portions of the F&R to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has reviewed the record, including the transcript of the hearing on the motion to dismiss on June 7, 2012, and the exhibits admitted at the hearing. *See* Filing No. 86, Transcript; Filing No. 78, Exhibits (sealed); Filing No. 82, Exhibit List.

      The magistrate judge adopted the facts set out in the government's brief, Filing No. 79, and the facts shown in the exhibits admitted at the hearing. Filing No. 86, Transcript at 18; Filing No. 79, Brief at 1-4. Briefly, as relevant herein, the evidence shows that after the court granted in part the defendant's motion to suppress, and trial

was set for late March 2012. Shortly before the date set for trial, the government provided the defense a complete copy of the defendant's "A-file," which contained the defendant's complete administrative record for civil immigration proceedings. The A-file contained evidence of the defendant's true identity. Filing No. 78, Exhibit List (sealed), Exhibit 1. On March 22, 2012, the government filed notice of intent that it intended to use evidence of other crimes, specifically to offer evidence of the two prior uncharged uses of a Social Security number by the defendant, and provided a Nebraska DMV document relating to then-uncharged misconduct. See Filing No. 50; Filing No. 82, Exhibit List, Hearing Exhibit 8. The document had been received by the United States from the Nebraska DMV on March 22, 2012. See Filing No. 78, Exhibit List, Exhibit 1. The following day, the defendant filed a Motion to Continue the Trial, requesting a nonjury trial over the government's objection. Filing No. 51. The district court granted the motion for a continuance, setting the trial for April 30, 2012.

On April 6, 2012, the United States provided additional discovery to the defense, which included additional records that the United States received from the Nebraska DMV on March 26, 2012, and April 5, 2012. See Exhibits 2, 3 and 9. Counsel for the government e-mailed a proposed plea agreement and letter to defendant's counsel. See Exhibits 4 & 5. In the letter, the government advised defense counsel that the United States would file a superseding indictment unless the defendant accepted the offer of a plea agreement by April 20, 2012. See Exhibit 5. On April 11, 2012, the government provided the defense a supplemental Report of Investigation prepared by the case agent with duplicates of the discovery documents. Ex. 10. The defendant filed a motion in limine on April 16, 2012, seeking exclusion of certain evidence. Filing No.

2

55. The superseding indictment, adding Counts III-VI, was filed on April 18, 2012. Filing No. 58.

The magistrate judge found no objective evidence of vindictiveness nor any presumption of vindictiveness. *Id.* at 18. The magistrate judge relied on *Bordenkircher v. Hayes*, 434 U.S. 357 (1978), and *United States v. Goodwin*, 457 U.S. 371 (1982). In his objection to the F&R, the defendant argues that the *Bordenkircher* case is inapposite because the defendant was not on notice that a rejection of the government's proposed plea agreement would result in the filing of a superseding indictment.

A prosecutor's discretion to charge is very broad. *United States v. Goodwin*, 457 U.S. 368, 382 (1982). However, it cannot be based on "vindictiveness or exercised in retaliation for a defendant's exercise of a legal right." *United States v. Rodgers*, 18 F.3d 1425, 1429 (8th Cir. 1994). "It is the defendant's burden to show that the prosecution was vindictive, and '[t]he defendant's burden is a heavy one' in light of the discretion prosecutors are given in performing their duties." *United States v. Stroud*, 673 F.3d 854, 859 (8th Cir. 2012) (quoting *United States v. Leathers*, 354 F.3d 955, 961 (8th Cir. 2004)). Prosecutorial vindictiveness "may be proven through objective evidence or through a presumption of vindictiveness 'where there exists a reasonable likelihood of vindictiveness, which may arise when prosecutors increase the number or severity of charges.'" *Id.* (quoting *United States v. Campbell*, 410 F.3d 456, 461 (8th Cir. 2005). No such presumption arises in the context of plea negotiations, "[f]or just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded." *Goodwin*, 457

U.S. at 380; Bordenkircher, 434 U.S. at 363 (noting there is no such element of punishment in the "give-and-take" of plea negotiation, so long as the accused "is free to accept or reject the prosecution's offer"). "The mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified." Goodwin, 457 U.S. at 368.

     The court agrees with the magistrate judge that the defendant has failed to provide any objective evidence of vindictiveness and has failed to submit any evidence that would raise a presumption of vindictiveness. The chronology in this case does not warrant such a presumption. The record shows that the events occurred in the give and take of plea negotiations. Evidence also supports the government's contention that the evidence supporting the additional counts was developed in the course of preparing the case for trial. The defendant was surely on notice that failure to enter a plea could result in the filing of additional charges since the government had provided notice of intent to present evidence of other criminal acts and advised the defendant by letter of its intent to seek a superseding indictment in lieu of a plea agreement. The facts support a finding that the government did nothing more than "openly [present] the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution." *Id.* at 365. The court finds the defendant's objection should be overruled and the F&R of the magistrate judge should be adopted. Accordingly,

IT IS ORDERED:

1.  The defendants' objection (Filing No. 87) to the F&R of the magistrate judge (Filing No. 83) is overruled.

2.  The F&R of the magistrate judge (Filing No. 83 and Filing No. 86, Transcript at 18) is adopted.

3.  The defendant's motion to dismiss the superseding indictment (Filing No. 71) is denied.

DATED this 2nd day of August, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge